Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
ALEXANDRA WOLF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA WOLF, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SURYA, INC., a New York Corporation; AMAZON.COM, INC., a Delaware Corporation; WALMART STORES, INC., a Delaware Corporation; KOHL'S CORPORATION, a Wisconsin Corporation; TARGET CORPORATION, a Minnesota Corporation; HOUZZ, INC., a California Corporation; POLYVORE, INC., a Delaware Corporation; WAYFAIR, INC., a Delaware Corporation; ARCADIAN LIGHTING, a California Corporation; MODERN STUDIO FURNISHINGS, INC., a California Corporation; HAYNEEDLE, INC., a Delaware Corporation; LNT BRANDS, LLC, a Delaware limited liability company, individually, and doing | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. DIRECT COPYRIGHT INFRINGEMENT; AND<br><br>2. VICARIOUS COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

1
COMPLAINT

business as "Linens 'N Things," SEQUENTIAL BRANDS GROUP, a Delaware Corporation, individually, and doing business as "Linens 'N Things," ORIENTAL RUG GALLERY, L.P., a Texas Limited Partnership, individually, and doing business as RUG STUDIO,; MADDIE G DESIGNS, LLC, a Texas Limited Liability Company; GLOBAL INTERNET INNOVATIONS, LLC, a Florida Limited Liability Company, individually, and doing business as GIISTORES.COM; CLOUD KISSED KIDS COMPANY, an unknown corporate New Jersey entity; BAEL DÉCOR, INC., a Delaware Corporation; LAMPS.COM, INC, a Pennsylvania Corporation; BUILD.COM, INC., a California Corporation; THE CLASSY HOME, LLC, a New York Limited Liability Company; RUG PAL, INC., a Texas Corporation; PLUMSTRUCK, a Division of Hayneedle, Inc., a Delaware Corporation; WOOMDEAL, LLC, a New York Limited Liability Company; LIGHTINGDIRECT.COM, a division of Build.com, a California Corporation; QUILL CORPORATION, a Delaware Corporation; SEARS, ROEBUCK AND CO., an Illinois Corporation; GWG OUTLET, LLC, a Florida Limited Liability Company; BUY.COM, INC., a Delaware Corporation, individually and doing business as RAKUTEN.COM; and DOES 1-10,

                Defendants.

2
COMPLAINT

Alexandra Wolf ("WOLF"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

WOLF is an accomplished visual artist who creates original and unique multi-media artwork by hand in the United States. WOLF owns her artwork in exclusivity and makes sales of products bearing her artwork for profit. Plaintiff's business is predicated on its ownership of her artwork, and she spends a considerable amount of time and resources creating unique, top-quality, aesthetically-appealing artwork. The Defendants in this case have misappropriated WOLF's artwork and marketed and sold without permission product bearing same without the permission of WOLF.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. WOLF is an individual domiciled in the State of Connecticut.

5. Plaintiff is informed and believes and thereon alleges that Defendant Surya, Inc. ("SURYA") is a corporation organized and existing under the laws of the State of New York, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant Amazon.com, Inc. ("AMAZON") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

1    7.  Plaintiff is informed and believes and thereon alleges that Defendant Walmart Stores, Inc. ("WALMART") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

8.  Plaintiff is informed and believes and thereon alleges that Defendant Kohl's Corporation ("KOHLS") is a corporation organized and existing under the laws of the State of Wisconsin, and is doing business in and with the State of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant Target Corporation ("TARGET") is a corporation organized and existing under the laws of the State of Minnesota, and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant Houzz, Inc. ("HOUZZ") is a corporation organized and existing under the laws of the State of California, and is doing business in and with the State of California.

11.  Plaintiff is informed and believes and thereon alleges that Defendant Polyvore, Inc. ("POLYVORE") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

12.  Plaintiff is informed and believes and thereon alleges that Defendant Wayfair, Inc. ("WAYFAIR") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

13.  Plaintiff is informed and believes and thereon alleges that Defendant Arcadian Lighting ("ARCADIAN") is a corporation organized and existing under the laws of the State of California, and is doing business in and with the State of California.

14.  Plaintiff is informed and believes and thereon alleges that Defendant Modern Studio Furnishings, Inc. ("MODERN STUDIO") is a corporation organized

and existing under the laws of the State of California, and is doing business in and with the State of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant Hayneedle, Inc. ("HAYNEEDLE") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant LNT Brands, LLC ("LNT") is a limited liability company organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

17. Plaintiff is informed and believes and thereon alleges that Defendant Sequential Brands Group ("SEQUENTIAL") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

18. Plaintiff is informed and believes and thereon alleges that Defendant Oriental Rug Gallery, LP ("ORG") is a limited partnership organized and existing under the laws of the State of Texas, and is doing business in and with the State of California.

19. Plaintiff is informed and believes and thereon alleges that Defendant Maddie G. Designs, LLC ("MADDIE G") is a limited liability company organized and existing under the laws of the State of Texas, and is doing business in and with the State of California.

20. Plaintiff is informed and believes and thereon alleges that Defendant Global Internet Innovations, LLC d/b/a GiiStores.com ("GIISTORES") is a corporation organized and existing under the laws of the State of Florida, and is doing business in and with the State of California.

21.  Plaintiff is informed and believes and thereon alleges that Defendant Cloud Kissed Kids Company ("CLOUD KISSED") is an unknown corporate entity organized and existing under the laws of the State of New Jersey, and is doing business in and with the State of California.

22.  Plaintiff is informed and believes and thereon alleges that Defendant Bael Decor, Inc. ("BAEL") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

23.  Plaintiff is informed and believes and thereon alleges that Defendant Lamps.com, Inc. ("LAMPS.COM") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and is doing business in and with the State of California.

24.  Plaintiff is informed and believes and thereon alleges that Defendant Build.com, Inc. ("BUILD.COM") is a corporation organized and existing under the laws of the State of California, and is doing business in and with the State of California.

25.  Plaintiff is informed and believes and thereon alleges that Defendant The Classy Home, LLC ("CLASSY HOME") is a limited liability company organized and existing under the laws of the State of New York, and is doing business in and with the State of California.

26.  Plaintiff is informed and believes and thereon alleges that Defendant Rug Pal, Inc. ("RUG PAL") is a corporation organized and existing under the laws of the State of Texas, and is doing business in and with the State of California.

27.  Plaintiff is informed and believes and thereon alleges that Defendant Plumstruck, a division of Hayneedle, Inc. ("PLUMSTRUCK") is a subsidiary of Hayneedle, Inc., a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

28.  Plaintiff is informed and believes and thereon alleges that Defendant Woomdeal, LLC ("WOOMDEAL") is a limited liability company organized and existing under the laws of the State of New York, and is doing business in and with the State of California.

29.  Plaintiff is informed and believes and thereon alleges that Defendant LightingDirect.com ("LIGHTINGDIRECT") is a subsidiary of Build.com, Inc., a corporation organized and existing under the laws of the State of California, and is doing business in and with the State of California.

30.  Plaintiff is informed and believes and thereon alleges that Defendant Quill Corporation ("QUILL") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

31.  Plaintiff is informed and believes and thereon alleges that Defendant Sears, Roebuck & Company ("SEARS") is a corporation organized and existing under the laws of the State of Illinois, and is doing business in and with the State of California.

32.  Plaintiff is informed and believes and thereon alleges that Defendant GWG Outlet, LLC ("GWG") is a limited liability company organized and existing under the laws of the State of Florida, and is doing business in and with the State of California.

33.  Plaintiff is informed and believes and thereon alleges that Defendant Buy.com, Inc. ("BUY.COM") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

34.  Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-5, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of products, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying product printed with Plaintiff's copyrighted artwork (as hereinafter defined) without

Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

35. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

36. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DEER WITH BIRDS DESIGN

37. In 2010, WOLF created a unique work of graphic art that depicted a unique selection and arrangement of stag head and bird imagery juxtaposed above vintage typography ("Deer with Birds Design"). She began offering the work to her

customers in or around August of 2010, and made substantial sales of the work. An image of WOLF's Deer with Birds Design is embedded below.

38. WOLF has applied to register her Deer with Birds Design with the U.S. Copyright Office.

39. Plaintiff advertised and marketed product bearing the Deer with Birds Design prior to the acts complained of herein.

40. Plaintiff is informed and believes and thereon alleges that following its distribution of the Deer with Birds Design, Defendants, and each of them, accessed a copy of the Deer with Birds Design from Plaintiff or an intermediary.

41. Plaintiff's investigation revealed SURYA to be manufacturing, advertising, marketing, purchasing, distributing, importing and selling for profit products that bear a textile print that is substantially similar to the Deer with Birds Design (hereinafter "Accused Product"). Accused Product includes, but is not limited, to, the "Surya Alaska Collection HH116 18x18 Pillow" and "Surya Alaska Collection HH116 22x22 Pillow" sold by SURYA. A comparison of WOLF's product and an exemplar of the Accused Product is set forth below:

ACCUSED PRODUCT EXEMPLAR: 

WOLF'S ARTWORK: 

42. The above comparison is illustrative only, and is not meant to be inclusive of all product sold by SURYA that incorporates an unauthorized copy of the Deer with Birds Design. This action seeks to address all products sold by Defendants that incorporate, bear, or otherwise exploit the Deer with Birds Design.

43. The comparison images of the Deer with Birds Design and one non-exclusive exemplar of Accused Product make clear that the overall look and feel and constituent elements of the designs are substantially similar.

44. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants and each of them manufactured, caused to be manufactured, purchased, sold, imported and/or distributed product featuring a design that is identical to, or substantially similar to, the Deer with Birds Design without Plaintiff's authorization.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against all Defendants, and Each)

45. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

46. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, had access to the Deer with Birds Design, including, without limitation, through (a) access to Plaintiff's Etsy website shop (located at www.etsy.com/shop/BlackBaroque); (b) access to illegally distributed copies of the Deer with Birds Design by third-party vendors and/or DOE Defendants, including without limitation international and/or websites, factories and mills; and/or (c) access to a legitimate versions of Deer with Birds Design in the marketplace.

47. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants, including without limitation SURYA, Defendants and DOE Defendants, manufactures product and/or is a commercial vendor.

48. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Deer with Birds Design and by producing, distributing and/or selling the Accused Product through a nationwide network of retail stores and on-line outlets.

49. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

50. Due to Defendants' acts of infringement, Plaintiff has suffered substantial loss of potential profits from the licensing of the Deer with Birds Design, in an amount to be established at trial.

51. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

52. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Deer with Birds Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Deer with Birds Design in an amount to be established at trial.

53. Plaintiff is informed and believes and thereon alleges that the infringement of WOLF's copyrighted designs was willful, reckless, and/or in blatant disregard for WOLF's rights as a copyright holder.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious Copyright Infringement - Against all Defendants, and Each)

54. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

55. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction of the Deer with Birds Design and the sales of Accused Product as alleged hereinabove.

56. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and failed to stop the infringing conduct, and because they had a direct financial interest in the infringing conduct.

57. By reason of the Defendants', and each of their, vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

58. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Deer with Birds Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Deer with Birds Design, in an amount to be established at trial.

59. Plaintiff is informed and believes and thereon alleges that the infringement of WOLF's copyrighted designs was willful, reckless, and/or in blatant disregard for WOLF's rights as a copyright holder.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

<u>With Respect to Each Claim for Relief</u>

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights, specifically those for the Deer with Birds Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That a trust be imposed over all Accused Product and any revenues derived from the sale or distribution of the Accused Product, or unauthorized exploitation of the Deer with Birds Design.

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded general and special damages; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: November 5, 2015   By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
ALEXANDRA WOLF